UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DANIEL CROWE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3442** |
| **JUBILEE GROCERY** | **SECTION: "D" (5)** |

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, John Daniel Crowe, a pretrial detainee arrested in May 2022 and housed at the St. Tammany Parish Jail. His lawsuit against Defendant, Jubilee Grocery, stems from a slip and fall incident that occurred sometime before his arrest. He was a patron of Jubilee Grocery in 2021.[1] He alleges that he slipped and fell due to something wet on the floor. He claims there were no caution signs indicating that the floor was wet. As a result of his slip and fall, he injured his lower back and neck. (Rec. Doc. 1, p. 4). He requests monetary compensation. (*Id.* at 6).

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 42 U.S.C. §1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be

---

[1] In his complaint, the statement of claim alleges that the incident occurred "on around about the end of August or the beginning of July 2021." However, his attachment references the date of accident as "end of August or beginning of September."

dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Crowe names Jubilee Grocery as the defendant in this case. He has not alleged that Jubilee Grocery is a state actor subject to liability under Section 1983. *Wells v. Burger King #502*, Civ. Action No. 11-2043, 2013 WL 1403108, at *2-3 (E.D. La. Jan. 23, 2013) (citing *McCain v. Buffalo Wild Wings*, 2012 WL 298005, at *8 (D. Vt. Feb. 1, 2012) (recognizing Burger King as a private employer, not a state actor, for Equal Protection purposes), *report and recommendation adopted*, 2013 WL 1397400 (E.D. La. Apr. 5, 2013). Nor does the complaint allege a violation of a federal constitutional right.

Under Section 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 & n. 1 (1989). To state a claim under Section 1983, a plaintiff must indicate both the constitutional violation and that the responsible person was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Neither a private company nor a private individual are considered to act under color of state law and are not state actors to be held liable under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals

generally are not considered to act under color of law, i.e., are not considered state actors …"); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same).

Furthermore, Section 1983 liability does not stem from mere negligence of state officials.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  Here, even if he had named a proper state actor, his claim of negligence is not actionable under 42 U.S.C. § 1983. *See Noble v. Grimes*, 350 F. Appx. 892 (5th Cir. 2009) (no actionable Section 1983 claim alleged for slip and fall in prison shower).

To the extent Crowe attempts to raise only state-law negligence claims, the Court may not exercise supplemental jurisdiction over such claims given the frivolous nature of his purported federal claims for relief.   *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).  His slip and fall tort action is not actionable under 42 U.S.C. § 1983, but rather, appears to be a matter for the state courts.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Crowe's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  17th  day of        October       , 2022.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.